IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARLIN E. JONES, | ) |
| Plaintiff, | ) 4:05cv3071 |
| vs. | ) MEMORANDUM AND ORDER |
| CITY OF NORTH PLATTE, et al., | ) |
| Defendants. | ) |

This matter is before the court on the following pending motions: (1) Filing No. 79, the Motion to Amend Answer filed by the defendants, City of North Platte, Nebraska and Debra Morgan; (2) Filing No. 82, the Objection to Amendment of Answer filed by the plaintiff, Marlin E. Jones; (3) Filing No. 84, the plaintiff's Motion to Reconsider Appointment of Counsel; (4) Filing No. 86, the plaintiff's letter of June 4, 2006, docketed as a Motion for Status of Case; (5) Filing Nos. 87 and 91, the plaintiff's Motions for Sanctions against Counsel; (6) Filing No. 92, the plaintiff's Motion for Summary Judgment; and (7) Filing No. 95, the plaintiff's Motion for a Stay pending the court's decision on his Motion for Summary Judgment. As a preliminary matter, Filing No. 86 is granted, and this Memorandum and Order sets forth the status of the above-entitled case.

As the plaintiff points out in Filing No. 82, the defendants' Motion to Amend Answer has been filed long past the deadline set in the court's progression orders. See Filing No. 31 at ¶ 6 (deadline for amending pleadings was July 1, 2005). In addition, the plaintiff states that the defendants' proposed amendment of the pleadings at this late stage of the case would prejudice him. Finally, the operative document for purposes of trial will be the parties' Final Pretrial Order which will supersede the pleadings. For all of those reasons,

Filing No. 79, the defendants' Motion to Amend Answer, is denied, and Filing No. 82, the plaintiff's Objection to Amendment of Answer, is sustained.

As for Filing No. 84, the Motion to Reconsider Appointment of Counsel, the Eighth Circuit Court of Appeals has recently reiterated: "There is no constitutional or statutory right to appointed counsel in civil cases .... Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "*may*" appoint counsel. See 28 U.S.C. § 1915(e) (emphasis added); .... We will reverse a court's denial of appointed counsel only if it constitutes an abuse of discretion .... The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (emphasis in original, citations omitted). In this case, the plaintiff is a nonprisoner and thus, does not even bear the burdens of incarceration. He also is an experienced litigator who has familiarity with the Federal Rules of Civil Procedure, the discovery process, and oral and written arguments. The record indicates that the plaintiff understands the nature of his claims in this case, which are not legally or factually complex, and that he is quite able to continue to represent himself. Filing No. 84 is denied.

In Filing Nos. 87 and 91, the plaintiff seeks sanctions against opposing counsel, alleging perjury and other unethical conduct. The plaintiff is warned that unsubstantiated charges of wrongdoing leveled against opposing parties or counsel are considered unprofessional, irresponsible and unacceptable. Filing Nos. 87 and 91 are summarily denied, and the court expects civility from all parties and counsel.

Filing No. 92, the plaintiff's Motion for Summary Judgment, must be denied for the same reason as the court denied the plaintiff's earlier summary judgment motion (Filing No. 27), i.e., remaining genuine issues of material fact preclude the entry of summary judgment. See Fed. R. Civ. P. 56. Therefore, this case will continue to progress to trial, and Filing No. 95, the plaintiff's Motion for a Stay, is denied as moot.

THEREFORE IT IS ORDERED:

(1) That Filing No. 79, the Motion to Amend Answer filed by the defendants, City of North Platte, Nebraska and Debra Morgan, is denied;

(2) That Filing No. 82, the Objection to Amendment of Answer filed by the plaintiff, Marlin E. Jones, is granted;

(3) That Filing No. 84, the plaintiff's Motion to Reconsider Appointment of Counsel, is denied;

(4) That Filing No. 86, the plaintiff's letter of June 4, 2006, docketed as a Motion for Status of Case, is granted;

(5) That filing nos. 87 and 91, the plaintiff's Motions for Sanctions against Counsel, are denied;

(6) That Filing No. 92, the plaintiff's Motion for Summary Judgment, is denied; and

(7) That Filing No. 95, the plaintiff's Motion for a Stay, is denied.

DATED this 20th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge